**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502; CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L-C.I.O. SAVINGS FUND; CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST; CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5,

Plaintiffs,

vs.

HOOKS AV, LLC d/b/a HOOKS CONCRETE AND CONSTRUCTION, an Illinois limited liability company; and
SHERMAN L. NEAL, an individual,

Defendants.

CASE NO.: 20-cv-6740

JUDGE:

MAG. JUDGE:

**COMPLAINT**

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT

MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of Defendants HOOKS AV, LLC d/b/a HOOKS CONCRETE AND CONSTRUCTION and SHERMAN L. NEAL, and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1104, 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over the Plaintiffs' fraud claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND (collectively the "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions

giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreement ("CBA") entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association and, therefore, are multiemployer plans under 29 U.S.C. § 1002(37).

4. The CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The UNION is the bargaining representative of the Defendant HOOKS AV, LLC d/b/a HOOKS CONCRETE AND CONSTRUCTION's ("HOOKS") bargaining-unit employees.

7. The Defendant HOOKS is an Illinois corporation with its principal place of business in Plainfield, Illinois.

8. The Defendant SHERMAN L. NEAL ("NEAL") is the Manager, President and sole member of Defendant HOOKS.

**COUNT I**
**BREACH OF CONTRACT – HOOKS**

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. HOOKS is an employer engaged in an industry affecting commerce, which agreed to be bound by the terms of the CBA through a Memorandum of Agreement. (A copy of the Memorandum of Agreement is attached as **Exhibit 1**); (a copy of the CBA is attached as **Exhibit 2**).

11. Through the CBA and Memorandum of Agreement, HOOKS agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

12. Pursuant to the provisions of the CBA, Memorandum of Agreement and Trust Agreements, HOOKS is required to make monthly reports of the number of hours worked by its bargaining-unit employees and pay contributions to the TRUST FUNDS and LMCC for each hour that a bargaining-unit employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

13. Pursuant to the CBA, HOOKS is required to deduct five dollars ($5.00) from its bargaining-unit employees' wages for each hour worked and remit the wage deduction to the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND ("SAVINGS FUND"). (**Exhibit 2**).

14. Pursuant to the CBA and properly executed check-off cards, HOOKS is required to deduct four percent (4%) from its bargaining-unit employees' wages for each hour worked and remit it to the UNION. (**Exhibit 2**).

15. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the TRUST FUNDS and the LMCC, and dues to the UNION, on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus interest at a rate of ten percent (10%) per annum, and any reasonable attorneys' fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibit 2**).

16. For the months of January, February, March, April, May, June and July 2020, HOOKS remitted reports ("zero-hour reports") which indicated that it had not employed any UNION members ("cement mason members"). (Redacted copies of the remittance reports are attached as **Exhibit 3**).

17. In September 2020, cement mason members inquired with the TRUST FUNDS regarding the contributions that should have been payable by HOOKS for work performed in January, February, March, April and May 2020.

18. The cement mason members provided the TRUST FUNDS with some check stubs that they could locate but the TRUST FUNDS have been unable to determine the full amount that HOOKS failed to pay.

19. Upon learning about the work performed by the cement mason members in January, February, March, April and May 2020, the UNION's Financial Secretary, Lawrence

Picardi, Sr., communicated with HOOKS about the work that was allegedly performed by HOOKS' cement mason employees during those months.

20. In response to the UNION's inquiry, HOOKS' Manager, President and sole member, NEAL, remitted revised remittance reports for June and July 2020. (Redacted copies of the revised remittance reports are attached as **Exhibit 4**).

21. However, the hours identified by NEAL in the revised remittance reports do not match up with the hours provided in some of the check stubs. Principally, the hours worked by HOOKS' cement mason employees were not performed in June or July 2020; rather, the hours worked by HOOKS' cement mason employees were performed in January, February, March, April and May 2020.

22. According to the information provided by HOOKS and HOOKS' cement mason employees, HOOKS was a concrete subcontractor of Enlight Contracting, LLC ("Enlight") on the Chicago Department of Transportation's ("CDOT") Safe Routes to Schools initiative. Specifically, it appears that HOOKS' cement mason employees performed work on several CDOT Safe Routes to Schools locations, including the following:

A. 64th and Western;

B. 71st and Union;

C. 74th and Chapel; and

D. Champlain and Marquette.

23. The TRUST FUNDS recently requested certified payroll records for the work performed by HOOKS' cement mason employees under HOOKS' subcontract with Enlight on the CDOT's Safe Routes to Schools initiative projects on the south side of Chicago.

24. HOOKS failed to pay contributions and union dues to the TRUST FUNDS and UNION for the months of January, February, March, April and May 2020 in an unknown amount.

25. As a result of the unpaid contributions and union dues, HOOKS owes liquidated damages and interest in an unknown amount to the TRUST FUNDS and UNION.

26. HOOKS has a continuing obligation to remit monthly contribution remittance reports, contributions and union dues on a monthly basis to TRUST FUNDS and UNION, and to comply with the terms of the CBA, Memorandum of Agreement and Trust Agreements.

27. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from HOOKS.

28. Plaintiffs have complied with all conditions precedent in bringing this suit.

29. HOOKS is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant HOOKS for all contributions and union dues owed on behalf of HOOKS' cement mason employees during the period of January 2020 through present;

B. That Judgment be entered in favor of Plaintiffs and against Defendant HOOKS for liquidated damages and interest resulting from its failure to pay contributions and union dues in a timely manner;

C. That Judgment be entered in favor of Plaintiffs and against Defendant HOOKS for any and all other contributions and union dues, liquidated damages and interest found to be due and owing in addition to those referenced in Paragraphs A and B above;

D. That Defendant HOOKS be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant HOOKS' cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF FIDUCIARY DUTY – SHERMAN NEAL

30. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-29 of this Complaint with the same force and effect as if fully set forth herein.

31. Pursuant to the CBA, Defendant HOOKS is required to deduct $5.00 from its bargaining-unit employees' wages for each hour worked and remit it to the SAVINGS FUND. (**Exhibit 2**).

32. Section 2510.3-102(a)(1) of the Department of Labor's Regulations defines a plan asset as "amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets." (29 C.F.R. § 2510.3-102(a)(1)).

33. Section 3 of ERISA provides that "a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of plan assets . . ." 29 U.S.C. § 1002(21)(A)).

34. Section 404(a)(1) of ERISA requires that a fiduciary act "for the exclusive purpose of providing benefits to the participants and beneficiaries" and act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." (29 U.S.C. § 1104(a)(1)).

35. NEAL, in his capacity as the Manager, President and sole member of HOOKS, withheld $5.00 per hour from his bargaining unit employees' paychecks for work they performed during the period of January 2020 through present in an unknown amount.

36. The withheld SAVINGS FUND deductions became plan assets on the day they became due and owing to Plaintiffs, the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

37. Rather than pay the SAVINGS FUND deductions to the Plaintiffs, NEAL, in his capacity as the Manager, President and sole member of HOOKS, elected to either use the money to pay other creditors or transferred it to himself.

38. Consequently, NEAL became a plan fiduciary when he failed to remit timely payment of the SAVINGS FUND deductions, as he exercised discretionary authority and control over plan assets.

39. As a result of his failure to remit timely payment of the SAVINGS FUND deductions, NEAL breached his fiduciary duty to the SAVINGS FUND's participants, as he failed to act for the exclusive purpose of providing benefits to the participants when he failed to remit timely payment of the SAVINGS FUND deductions.

40. NEAL also failed to act with the requisite care, skill, prudence and diligence imposed upon him by ERISA when he failed to remit timely payment of the SAVINGS FUND deductions

to the SAVINGS FUND.

41. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NEAL.

42. Plaintiffs have complied with all conditions precedent in bringing this suit.

43. NEAL is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

**WHEREFORE,** Plaintiffs respectfully request:

A. That Judgment be entered in favor of the SAVINGS FUND and against Defendant NEAL in an unknown amount for unpaid SAVINGS FUND deductions owed the months of January 2020 through present;

B. That Judgment be entered in favor of the SAVINGS FUND and against Defendant NEAL in an unknown amount for liquidated damages and interest calculated at a rate of ten percent (10%) per annum from the due date through the date of a Judgment;

C. That Judgment be entered in favor of Plaintiffs and against Defendant NEAL for all unpaid SAVINGS FUND deductions, along with the resulting liquidated damages and interest, that are found to be due and owing in addition to the amounts referenced in paragraphs A and B above;

D. That Defendant NEAL be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g); and

E. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant NEAL's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT III**
**COMMON LAW FRAUD – SHERMAN NEAL**

44. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-43 of this Complaint with the same force and effect as if fully set forth herein.

45. For the months of January, February, March, April, May, June and July 2020, NEAL submitted remittance reports to the TRUST FUNDS and UNION which indicated that HOOKS did not employ any cement mason members under the CBA. (**Exhibit 3**).

46. Each of the remittance reports were signed by NEAL. (**Exhibit 3**).

47. By signing each of the remittance reports, NEAL attested to the language set forth below and the information provided in the remittance reports:

> EMPLOYER'S WARRANTY AND ACCEPTANCE: The undersigned employer hereby warrants that this report accurately states all hours worked by all Journeymen and Apprentices in its employ. In addition, the employer hereby agrees to be bound to the terms of the current collective bargaining agreement executed between the Cement Masons' Local 502, the Builders Association of Chicago, and the Concrete Contractors Association of Chicago and the Illinois Road Builders Association of Chicago. Further, the undersigned hereby expressly accepts and agrees to be bound by the trust agreements governing Cook County Cement Masons' Welfare, Pension, Savings and Apprentice Trust Funds, et al., and accepts all of the terms thereof with the intention of providing benefits to its Cement Masons.

(**Exhibit 3**).

48. NEAL remitted the zero-hour reports despite actually knowing that he had employed cement mason members during some or all of the months during the months of January, February, March, April, May, June and July 2020.

49. NEAL made a false statement of material fact by submitting zero-hour reports for January, February, March, April, May, June and July 2020.

50. NEAL, in his capacity as the Manager, President and sole member of HOOKS, knew that the zero-hour reports he remitted for January, February, March, April, May, June and July 2020 were false.

51. By submitting zero-hour reports, NEAL, in his capacity as the Manager, President and sole member of HOOKS, understood that the TRUST FUNDS and UNION would not take any action against HOOKS to collect the contributions and union dues it owed.

52. Based on past experiences between HOOKS and the TRUST FUNDS and UNION, NEAL, in his capacity as the Manager, President and sole member of HOOKS, was aware that the TRUST FUNDS and UNION would seek to collect any monies owed directly from a general contractor or the owner if they were aware of hours being worked.

53. Accordingly, NEAL, in his capacity as the Manager, President and sole member of HOOKS, understood that HOOKS would be able to receive distributions from Enlight for the work performed on CDOT's Safe Routes to Schools initiative without the TRUST FUNDS and UNION seeking to intercept any payments.

54. Based on zero-hour reports remitted by HOOKS for January, February, March, April, May, June and July 2020, the TRUST FUNDS and UNION did not take any action to collect directly from general contractors or owners. What's more, the TRUST FUNDS and UNION justifiably relied on HOOKS' zero-hour reports when they did not credit any hours for the work performed by HOOKS' cement mason employees.

55. NEAL, in his capacity as the Manager, President and sole member of HOOKS, has squandered all of the money he received from Enlight for the work performed by HOOKS'

cement mason employees on CDOT's Safe Routes to Schools initiative, and HOOKS does not have any money to pay the TRUST FUNDS and UNION.

56. Pursuant to ERISA, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 (one of the TRUST FUNDS) is required to credit a participant for hours worked even if the employer fails to pay the contributions. Thus, the TRUST FUNDS are liable for an obligation to the participants of the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 even if HOOKS fails to pay contributions to the TRUST FUNDS.

57. By delaying the submission of the remittance reports to the TRUST FUNDS and UNION, HOOKS has been able to collect all monies due from Enlight, which will likely eliminate the TRUST FUNDS and UNION's ability to collect contributions and union dues by asserting a lien on public funds pursuant to the Illinois Mechanics' Lien Act, 770 ILCS 60/23.

58. NEAL, in his capacity as the Manager, President and sole member of HOOKS, knowingly reported false zero-hour remittance reports, which essentially eliminated the TRUST FUNDS and UNION's ability to collect from HOOKS, Enlight or CDOT. As a result, the TRUST FUNDS and UNION sustained damages in the amount of the unpaid contributions and union dues owed on behalf of HOOKS' cement mason employees.

**WHEREFORE,** Plaintiffs respectfully request:

A. That Judgment be entered in favor of the Plaintiffs and against Defendant NEAL in an unknown amount for contributions and union dues owed to the TRUST FUNDS and

UNION for the months of January 2020 through present resulting from the fraud committed by NEAL;

B. That Defendant NEAL be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to Illinois law, the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g); and

C. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant NEAL's cost, pursuant to Illinois law and 29 U.S.C. § 1132(g)(2)(E).

**COUNT IV**
**FRAUDULENT MISREPRESENTATION – SHERMAN NEAL**

59. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-58 of this Complaint with the same force and effect as if fully set forth herein.

60. For the months of January, February, March, April, May, June and July 2020, NEAL submitted remittance reports to the TRUST FUNDS and UNION which indicated that HOOKS did not employ any cement mason members under the CBA. (**Exhibit 3**).

61. Each of the remittance reports were signed by NEAL. (**Exhibit 3**).

62. By signing each of the remittance reports, NEAL attested to the language set forth below and the information provided in the remittance reports:

> EMPLOYER'S WARRANTY AND ACCEPTANCE: The undersigned employer hereby warrants that this report accurately states all hours worked by all Journeymen and Apprentices in its employ. In addition, the employer hereby agrees to be bound to the terms of the current collective bargaining agreement executed between the Cement Masons' Local 502, the Builders Association of Chicago, and the Concrete Contractors Association of Chicago and the Illinois Road Builders Association of Chicago. Further, the undersigned hereby expressly accepts and agrees to be bound by the trust agreements governing Cook County Cement Masons' Welfare, Pension, Savings and Apprentice Trust Funds, et al., and accepts all of the terms thereof with the intention

of providing benefits to its Cement Masons.

(**Exhibit 3**).

63. NEAL remitted the zero-hour reports despite actually knowing that he employed cement mason members during some or all of the months during the period of January, February, March, April, May, June and July 2020.

64. NEAL made a false statement of material fact by submitting zero-hour reports for January, February, March, April, May, June and July 2020.

65. NEAL, in his capacity as the Manager, President and sole member of HOOKS, knew that the zero-hour reports he remitted for January, February, March, April, May, June and July 2020 were false.

66. By submitting zero-hour reports, NEAL, in his capacity as the Manager, President and sole member of HOOKS, intended that the TRUST FUNDS and UNION would not take any action against HOOKS to collect the contributions and union dues it owed.

67. Based on past experiences between HOOKS and the TRUST FUNDS and UNION, NEAL, in his capacity as the Manager, President and sole member of HOOKS, was aware that the TRUST FUNDS and UNION would seek to collect any monies owed directly from a general contractor or the owner if they were aware of hours being worked.

68. Based on zero-hour reports remitted by HOOKS for January, February, March, April, May, June and July 2020, the TRUST FUNDS and UNION justifiably did not take any action to collect directly from general contractors or owners. What's more, the TRUST FUNDS and UNION relied on HOOKS' zero-hour reports when they did not credit any hours for the work performed by HOOKS' cement mason employees.

69. Accordingly, NEAL, in his capacity as the Manager, President and sole member of HOOKS, understood that HOOKS would be able to receive distributions from Enlight for the work performed on CDOT's Safe Routes to Schools initiative without the TRUST FUNDS and UNION seeking to intercept any payments.

70. NEAL, in his capacity as the Manager, President and sole member of HOOKS, has squandered all of the money he received from Enlight for the work performed by HOOKS' cement mason employees on CDOT's Safe Routes to Schools initiative, and HOOKS does not have any money to pay the TRUST FUNDS and UNION.

71. Pursuant to ERISA, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 (one of the TRUST FUNDS) is required to credit a participant for hours worked even if the employer fails to pay the contributions. Thus, the TRUST FUNDS are liable for an obligation to the participants of the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 even if HOOKS fails to pay contributions to the TRUST FUNDS.

72. By delaying the submission of the remittance reports to the TRUST FUNDS and UNION, HOOKS has been able to collect all monies due from Enlight, which will likely eliminate the TRUST FUNDS and UNION's ability to collect contributions and union dues by asserting a lien on public funds pursuant to the Illinois Mechanics' Lien Act, 770 ILCS 60/23.

73. NEAL, in his capacity as the Manager, President and sole member of HOOKS, knowingly reported false zero-hour remittance reports with the intent to cause the TRUST FUNDS and UNION to justifiably refrain from taking timely action to collect from HOOKS, Enlight or CDOT.

74. As a result, the TRUST FUNDS and UNION sustained damages in the amount of the unpaid contributions and union dues owed on behalf of HOOKS' cement mason employees.

**WHEREFORE,** Plaintiffs respectfully request:

A. That Judgment be entered in favor of the Plaintiffs and against Defendant NEAL in an unknown amount for contributions and union dues owed to the TRUST FUNDS and UNION for the months of January 2020 through present resulting from NEAL's fraudulent misrepresentations to the TRUST FUNDS and UNION;

B. That Defendant NEAL be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to Illinois law, the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g); and

C. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant NEAL's cost, pursuant to Illinois law and 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 *et al.***

/s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com