THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, *et al.*, | ) )  ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| HOOKS AV, LLC d/b/a HOOKS CONCRETE AND CONSTRUCTION, an Illinois limited liability company; and SHERMAN L. NEAL, an individual, | ) ) ) ) ) |
| Defendants. | ) |

CASE NO.: 20-CV-6740

JUDGE: VALDERRAMA

MAG. JUDGE: JANTZ

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 *et al.*, by and through their attorneys, JOHNSON & KROL, LLC, and move this Honorable Court for Default Judgment against the Defendants HOOKS AV, LLC d/b/a HOOKS CONCRETE AND CONSTRUCTION ("HOOKS") and SHERMAN L. NEAL ("NEAL") pursuant to Rule 55 of the Federal Rules of Civil Procedure, and in support state as follows:

1. On November 13, 2020, Plaintiffs filed their Complaint in this matter. (Docket No. 1).

2. On November 30, 2020, the Clerk of the U.S. District Court for the Northern District of Illinois issued two (2) Summonses ordering the Defendants HOOKS and NEAL to answer within twenty-one (21) days of being served with the Summons and Complaint.

3. On December 13, 2020, the Summons and Complaint issued for HOOKS were served upon HOOKS via corporate service by leaving true and correct copies of said documents with

Mr. Sherman L. Neal, the registered agent of HOOKS. (Certificate of Service as to HOOKS is attached as **Exhibit 1**).

4. On December 13, 2020, the Summons and Complaint issued for NEAL were served upon NEAL via personal service by leaving true and correct copies of said documents with Mr. NEAL. (Certificate of Service as to NEAL is attached as **Exhibit 2**).

5. The Defendant HOOKS has failed to Answer or otherwise plead to the allegations of the Complaint within 21 days of the date on which HOOKS was served with the Summons and Complaint. (Fed. R. Civ. P. 12(a)(1)(A)(i)).

6. The Defendant NEAL has also failed to Answer or otherwise plead to the allegations of the Complaint within 21 days of the date on which NEAL was served with the Summons and Complaint. (Fed. R. Civ. P. 12(a)(1)(A)(i)).

7. This Court may render a default judgment against any party who has not filed a responsive pleading or otherwise defended the suit. (Fed. R. Civ. P. 55(b)(2)).

8. Plaintiffs' Complaint contains four (4) counts. The first count is a claim for breach of the Collective Bargaining Agreement ("CBA") and Agreements and Declarations of Trust ("Trust Agreements") against the Defendant HOOKS. The second count is a claim for breach of fiduciary duty against NEAL. The third and fourth counts allege that NEAL defrauded the Plaintiffs when he intentionally submitted false contribution reports.

9. In breach of the CBA and the TRUST FUNDS' Trust Agreements, during the months of April 2020 and May 2020, HOOKS failed to remit payment of contributions and union dues for work performed by its employees in the aggregate amount of $13,283.30. (Certification of Lawrence J. Picardi, Sr. is attached as **Exhibit 3**).

10. As a result of the untimely payment of contributions and union dues for the months of April 2020 and May 2020, HOOKS owes the Plaintiffs liquidated damages in the aggregate amount of $1,992.50.  (**Exhibit 3**).

11. NEAL submitted false reports to the Plaintiffs that he knew to be false with the intent of impeding the Plaintiffs' ability to collect monies owed on behalf of their participants/members.  (**Exhibit 3**).

12. The Plaintiffs relied on NEAL's false reports.  (**Exhibit 3**).

13. The Plaintiffs' reliance on the false reports caused the Plaintiffs to incur damages equal to the unpaid contributions, union dues and liquidated damages owed by HOOKS, totaling $15,275.80.  (**Exhibit 3**).

14. Plaintiffs have been required to employ the undersigned counsel to collect the contributions, union dues and liquidated damages that are due and owing from HOOKS and NEAL.

15. The Defendants HOOKS and NEAL are obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

16. To date, the Plaintiffs have expended $5,730.15 in attorneys' fees and court costs. (Affidavit of Attorneys' Fees including is attached as **Exhibit 4**).

17. A proposed order has been sent to this Court's proposed order email inbox.

**WHEREFORE**, Plaintiffs respectfully request that:

A. That Judgment be entered in favor of Plaintiffs and against the Defendant HOOKS and NEAL, jointly, in the aggregate amount of $21,005.95, itemized as follows:

i. $13,283.30 in unpaid contributions and union dues for work performed by its employees in the months of April 2020 and May 2020;

ii. $1,992.50 for liquidated damages resulting from its nonpayment of contributions and union dues for the months of April 2020 and May 2020;

iii. $5,730.15 in reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

B. The Plaintiffs have such other and further relief as the Court may deem just and equitable all at the cost of Defendants HOOKS and NEAL pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502** *et al.*

/s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of January, 2021, a true and correct copy of the foregoing **Plaintiffs' Motion for Default Judgment** was sent via U.S. First Class Mail to the Defendants at the addresses listed below:

Sherman Neal
2744 Pennyroyal Circle
Naperville, IL 60564

Hooks AV, LLC d/b/a Hooks Concrete and Construction
Attn: Sherman Neal, Registered Agent
2744 Pennyroyal Circle
Naperville, IL 60564

                                              Respectfully Submitted,

                                 By:  /s/ Lucas J. Habeeb - 6329755
                                         One of Plaintiffs' Attorneys